In re Daryl Clifford PERRY, Debtor.

Daryl Clifford PERRY, Plaintiff,

v.

UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 88–01560–BKC–TCB.
Adv. No. 88–0343–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

Aug. 31, 1988.

Jordan E. Bublick, P.A., Miami, Fla., for plaintiff.

Robert L. Roth, trustee.

Attorney Gen. of the U.S., Washington, D.C., Dexter Lehtinen, U.S. Atty., for S.D. Fla., Civil Div., Miami, Fla., José F. Deleon, U.S. Dept. of Justice, Trial Atty., Tax Div., Washington, D.C., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

This chapter 13 debtor, relying upon 11 U.S.C. § 545(2), seeks elimination of federal tax liens as to all of his personal property. The Government's motion to dismiss was heard August 25. There are no disputed facts.

The debtor's personal property on April 22, 1988 (the day he filed for bankruptcy) consisted of:

|  | Value | Exempt |
|---|---|---|
| Automobile | $1,500 | $ 500 |
| Household goods | 1,000 | 250 |
| Personal effects | 500 | 250 |
| Checking account | 300 |  |
| Total | $3,300 | $1,000 |

Four statutory liens totalling $14,892 for federal income tax for 1982 through 1985 were duly perfected against this property before bankruptcy.

### Dismissal of IRS

■ The IRS has been improperly made a defendant. *Castleberry v. Alcohol, To-*

*bacco and Firearms Division,* 530 F.2d 672, 673 n. 3 (5th Cir.1976). The complaint is dismissed as to that entity.

### Debtor's Limited Standing Under § 545(2)

■ Section 545(2) provides that:

*"The trustee* may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien ... (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property, whether or not such a purchaser exists." (Emphasis added).

The debtor's only standing with respect to *any* of the trustee's avoidance powers is provided by § 522(h)[1]:

"The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor *could have exempted* such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if (1) such transfer is avoidable by the trustee ...; and (2) the trustee does not attempt to avoid such transfer." (Emphasis added).

This debtor can only avoid liens and other transfers as to exempt property. His personal property exemption is limited to $1,000. He could not under any circumstance eliminate liens in excess of that amount.

### Effect of § 522(c)(2)(B)

■ Furthermore, the debtor's limited standing to avoid liens must be reconciled with § 522(c)(2)(B), which restricts a bankruptcy debtor's exemptions:

"Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case, *except ...* (2) *a debt secured by a lien that is ...* (B) *a tax lien, notice of which is' properly filed."* (Emphasis added).

It is clear from this provision Congress did not intend that *any* bankruptcy debtor could exempt *any* property from a perfected tax lien:

"Subsection (c) insulates exempt property from prepetition claims other than tax claims ... The rule of *Long v. Bullard,* 117 U.S. 617 [6 S.Ct. 917, 29 L.Ed. 1004] (1886) is accepted with respect to the enforcement of valid liens on nonexempt property as well as on exempt property." S.Rep. No. 989, 95th Cong. 2nd Sess. 76 (1978).

In view of § 522(c)(2)(B) there is no rational basis to ascribe to Congress an intent through § 522(h) that all debtors may eliminate tax liens perfected against exempt property. Such an interpretation would nullify § 522(c)(2)(B).

I agree completely, therefore, with the reasoning of *Matter of Driscoll,* 57 B.R. 322, 326 (Bankr.W.D.Wisc.1986) and *In re Ridgley,* 81 B.R. 65, 68 (Bankr.D.Ore.1987), both of which hold that Congress did not intend to grant chapter 13 debtors the trustee's power to avoid tax liens. I have found no contrary holding in point which takes into account both §§ 522(h) and 522(c)(2)(B).[2]

---

1. Unlike chapter 11 and 12 debtors, who are given "all the rights ... and powers ... of a trustee", § 1107(a) and § 1203, chapter 13 grants the debtor only "the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f) and 363(*l*)", which pertain to the use, sale or lease of property. § 1303.

  The difference between these provisions, drafted and enacted at the same time in the same statute, make it impossible for me to infer or imply legislative intent to give chapter 13 debtors all of the trustee's lien avoidance powers. The most recent decision which discusses this point reaches the same conclusion. *Matter of Mast,* 79 B.R. 981 (Bankr.W.D.Mich.1987) (chapter 13 debtor lacks authority to avoid preference).

2. This conclusion makes it unnecessary to consider The Federal Tax Lien Act of 1966, §§ 6323(b)(2), (3) and (4) of the Internal Revenue Code, which subordinates perfected federal tax liens to the rights of those who without actual notice of the lien purchase securities, motor vehicles or personal property. 4 *Collier on Bankruptcy* 15th Ed. ¶ 545.04[3].

  This Act, though completely consistent with the *trustee's* right in bankruptcy to avoid these tax liens as to property of the estate on behalf of creditors, does not suggest any legislative intent that a bankruptcy *debtor* may also eliminate these liens as to exempt property for his own benefit.

Plaintiff relies upon the contrary holding in *Matter of Coan,* 72 B.R. 483, 485 (Bankr. M.D.Fla.1987), which does not discuss *Driscoll* and preceded *Ridgley.* *Coan* makes no reference to and does not consider either § 522(h) or § 522(c)(2)(B).

*Coan,* which is presently on appeal, rests upon the premise that:

"It is without dispute that Chapter 13 debtors are empowered and have the ability to exercise the Trustee's lien avoidance powers under Chapter 5." At 485.

The premise is based in turn on that court's own precedent and a comment in the legislative history that a chapter 13 debtor has the implied power to sue and be sued. The existence of that power does not imply the power to exercise the avoidance powers granted only to trustees in §§ 544, 545, 547, 548, 549 and 550. Such an inference also flies in the face of the statutory pattern pointed out above in note 1.

### Conclusion

The statute unambiguously gives all avoidance powers to bankruptcy trustees and to chapter 11 and 12 debtors, but *not* to chapter 13 debtors. §§ 1107(a), 1203, 1303. The chapter 13 debtor's avoidance power is specifically limited by § 522(h) to exempt property. The debtor is prohibited from exempting his property from perfected tax liens by § 522(c)(2)(B). The federal tax lien challenged here by this chapter 13 debtor was perfected in the amount of $14,892 before bankruptcy.

As is required by B.R. 9021(a) a separate judgment will be entered dismissing the complaint with prejudice at plaintiff's cost.