In re Portia L. WELLS, Debtor.

Richard WELLS, Plaintiff,

v.

Portia L. WELLS, Defendant.

Bankruptcy No. 93–60253.

Adv. No. 93–70064A.

United States Bankruptcy Court, N.D. New York.

Oct. 15, 1993.

James F. Selbach, Syracuse, NY, for debtor.

Grass, Balanoff & Whitelaw, P.C., Syracuse, NY (Mary Lannon Fangio, Jon L. Strods, of counsel), for plaintiff.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

The instant matter is before the Court by way of a motion for a judgment on the pleadings pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure ("Fed. R.Bankr.P.") and Rule 12(c) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") filed by Portia L. Wells ("Debtor"), within an adversary proceeding commenced by her ex-spouse, Richard Wells ("Plaintiff"), to dismiss two claims set forth in his complaint and amended complaint ("Complaint") by way of reference to § 523(a)(4) and (6) of the Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code"). The Court heard oral argument

on the motion on June 29, 1993 and allowed the parties to file memoranda of law. The matter was submitted for decision on July 21, 1993.

### JURISDICTION

The Court has core jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and § 157(a), (b)(1) and (b)(2)(I), (J) and (K).

### FACTS

The parties were divorced pursuant to a Judgment of Divorce dated May 1, 1984.[1] According to the Plaintiff's Complaint, the Judgment incorporated a stipulation ("Stipulation") which provided that the Plaintiff was to receive 30% of the proceeds from the sale of the former marital residence ("Property") located in Manlius, New York. (*See* ¶ 10 of the Complaint). Furthermore, Debtor admits that Plaintiff is entitled to a 30% share of the proceeds. (*See* ¶ 2 of the Answer). By warranty deed ("Deed") dated April 6, 1984, Plaintiff conveyed title to the Property to the Debtor. (*See* Exhibit B of Debtor's Motion). The Deed contains a provision that the transfer is "[s]ubject also to the right of the grantor, as set forth in a stipulation of settlement...." In August, 1991, Plaintiff moved in state court for an order to enjoin and restrain the Debtor from selling the Property. In his Letter Decision, dated November 25, 1991, Judge Murphy ruled that the Debtor was given sole title to the Property pursuant to the Stipulation and, therefore, he denied Plaintiff's motion. (*See* Exhibit C of Debtor's Motion). The Property was sold on or about July 23, 1992 and a dispute arose over the amount of the proceeds turned over to Plaintiff. (*See* ¶ 11 of the Complaint). On January 27, 1993, Debtor filed a voluntary petition for relief under Chapter 7 of the Code. Plaintiff filed a complaint on April 30, 1993 and an amended complaint on May 28, 1993, seeking a determination of the dischargeability of a debt pursuant to § 523(a)(4) and (6) of the Code and objecting

---

1. The Judgment of Divorce is not before this Court. However, the Letter Decision and Order ("Letter Decision") of the Honorable Thomas J. Murphy, Justice of the Supreme Court, State of New York, Onondaga County, dated November 25, 1985, makes it clear that the document exists and is binding on the parties (*See* Exhibit C of Debtor's Motion).

to discharge of the Debtor pursuant to § 727(a)(2), (3), (4) and (5) of the Code.

## ARGUMENTS

In his Complaint, Plaintiff contends that pursuant to the Stipulation, he has an interest in 30% of the proceeds from the sale of the Property. Plaintiff asserts that the Debtor converted and/or embezzled those monies and that the debt is nondischargeable by reference to § 523(a)(4) and (6) of the Code. Debtor admits that Plaintiff was to receive 30% of the net sale price as alleged in ¶ 10 of Plaintiff's Complaint. (See ¶ 2 of Debtor's Answer). However, it is the Debtor's contention that based upon the Letter Decision of Judge Murphy, it is clear that Plaintiff had no interest in the Property at the time of the sale. Thus, Debtor argues that there can be no conversion or embezzlement as a matter of law, and those particular claims of the Plaintiff should, therefore, be dismissed as a matter of law.

## DISCUSSION

■ Debtor moves for judgment on the pleadings under Fed.R.Bankr.P. 7012 and Fed.R.Civ.P. 12(c) with respect to two claims found in Plaintiff's Complaint, to wit, one based on § 523(a)(4) and the other on § 523(a)(6) of the Code. On its own initiative under Fed.R.Civ.P. 12(c), the Court will also treat this motion as one for summary judgment under Fed.R.Bankr.P. 7056, which incorporates by reference Fed.R.Civ.P. 56. This will permit the Court to look beyond the pleadings to the documents attached to the Debtor's motion, namely the Deed and the Letter Decision of Judge Murphy.

In order to grant the relief sought, the Court must find that the pleadings and other documents on file, together with affidavits, establish that there is no "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". *Federal Deposit Ins. Corp. v. Bernstein,* 944 F.2d 101, 106 (2d Cir.1991) (quoting Fed. R.Civ.P. 56(c)). In ruling on the motion, the only issue before the Court at this time is whether or not a property right or interest with respect to the former marital residence was created pursuant to the Judgment of Divorce.

The Debtor contends that Plaintiff had no ownership interest in the Property at the time it was sold. In support of her argument, she cites to the Letter Decision of Judge Murphy which indicated that the Debtor had sole title to the Property and was free to sell it. Nowhere in the Letter Decision does Judge Murphy address the status of the proceeds and any interest the Debtor might have therein. Nor does the Debtor make any reference to the proceeds in her Motion. Yet, the language of Plaintiff's Complaint makes it clear that the claims being asserted under § 523(a)(4) and (6) of the Code involve conversion or embezzlement of the Plaintiff's interest in the proceeds, not the Property (See ¶ 32, 37 of the Complaint).

■ A divorce decree has the effect of either extinguishing or reordering pre-existing property interests of the parties and creating new interests in place of the old. *See Farrey v. Sanderfoot,* 500 U.S. 291, ———–———, 111 S.Ct. 1825, 1830–1831, 114 L.Ed.2d 337 (1991); *In re Steffen,* 1992 W.L. 308378 (Bankr.N.D.Iowa May 12, 1992). In the case *sub judice* the Debtor was awarded sole title to the marital residence pursuant to the Stipulation incorporated in the Judgment of Divorce. The Stipulation created a contract, and the validity of the contract was confirmed by the Judgment of Divorce. *See In re Webb,* 160 F.Supp. 544, 547 (S.D.Ind. 1958). In consideration for transferring his interest in the Property to the Debtor, Plaintiff received the right to 30% of the proceeds pursuant to the Judgment of Divorce. This debt constitutes an equitable lien which secures the proceeds that resulted from the sale of the Property. *See In re Hart,* 50 B.R. 956, 960 (Bankr.D.Nevada 1985).

■ An equitable lien is the " 'right, not recognized at law, to have a fund or specific property, *or its proceeds,* applied to the payment of a debt.' " *Id.* at 959–960 [quoting 6 DEBTOR-CREDITOR LAW ¶ 26.02(C)(2) (Mathew Bender 1982) ] (emphasis added). It may arise either by express contract or by implication from the conduct and dealings of the parties. *Id.* at 960. It also may be created by a judicial decree. *Id.* All that is required

is (1) the existence of a debt, duty or obligation and (2) the existence of property to which the obligation attaches. *Webb, supra,* 160 F.Supp. at 562.

In *Webb* the creditor-spouse sought to recover proceeds from the sale of real property pursuant to a property settlement which had been approved and recited in a divorce decree. *Id.* at 546. The property had been sold subsequent to the divorce and subsequent to involuntary proceedings against the debtor. Plaintiff sought to recover the proceeds from the trustee. The court concluded that a perfected equitable lien arose on the day the divorce was granted which entitled plaintiff to the monies held by the trustee. *Id.* at 562.

"[E]quity will consider as done that which was intended to be done by the parties...." *Id.* at 548. While the Court does not have the Judgment of Divorce before it, the deed expressly states that the transfer of the Property to the Debtor is "[s]ubject also to the right of the grantor, as set forth in a stipulation signed [in] March, 1984, and filed in the office of the County Clerk, Onondaga County ..." (*See* Exhibit B of Debtor's Motion). Furthermore, in ¶2 of her Answer, Debtor admits that the Plaintiff was entitled to a 30% share in the proceeds from the sale of the Property. To permit the Debtor to retain all of the proceeds would result in her unjust enrichment and would defeat the intent of the parties as set forth in the Stipulation, which was the subject of Judge Murphy's prior decision. Based on these documents and assertions of the parties made at oral argument, their intent was to create an obligation owed to the Plaintiff at the time of the transfer of his interest in the Property to the Debtor which the Court deems to be an equitable lien.

■ Having determined, as a matter of law, that an equitable lien existed entitling the Plaintiff to 30% of the proceeds from the sale of the Property, the Court concludes that conversion or embezzlement of those proceeds by the Debtor if established at trial would entitle the Plaintiff to except the amount of the proceeds determined to be due from Debtor's discharge pursuant to Code § 523(a)(4) or (6). Thus, the Court denies Debtor's motion for a judgment on the pleadings or summary judgment as to that portion of Plaintiff's Complaint which asserts claims based on § 523(a)(4) and (6) of the Bankruptcy Code.

IT IS SO ORDERED.