In re Stephen E. O'NEIL, Debtor.

Stephen E. O'NEIL, Plaintiff,

v.

UNITED STATES of America, DEPARTMENT OF INTERNAL REVENUE, Defendant.

Bankruptcy No. 94–B–40442(CB).
Adv. No. 94–8344A.

United States Bankruptcy Court,
S.D. New York.

Feb. 2, 1995.

Robinson, Borg, Leinwand, Reich, Genovese & Gluck, P.C. by Robert R. Leinwand, Joel M. Shafferman, New York City, for Stephen E. O'Neil.

Deborah Y. Yeoh, Asst. U.S. Atty., New York City, for U.S., Dept. of Internal Revenue.

## MEMORANDUM DECISION ON MOTION TO DISMISS AND CROSS–SUMMARY JUDGMENT MOTION ON AN ACTION TO AVOID PREFERENTIAL TRANSFER

CORNELIUS BLACKSHEAR,
Bankruptcy Judge.

The Internal Revenue Service ("I.R.S.") moved to dismiss, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure ("Fed. R.Civ.P.") and Rule 7012 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the adversary proceeding filed by Stephen E. O'Neil (the "Debtor") to avoid the lien of the I.R.S. (the "I.R.S. Lien") as a preferential transfer. In response, the Debtor filed a cross motion for summary judgment pursuant to Fed.R.Civ.P. 56(c). The issue before this Court is whether the Debtor can avoid a tax lien pursuant to sections 547 and 545(2) of title 11 of the United States Code (the "Bankruptcy Code") through the application of section 6323(b) of title 26 of the United States Code (the "Internal Revenue Code"). Integral to the resolution of this issue is whether section 522(c)(2) prohibits the avoidance of a tax lien on exempt property.

For the reasons set forth below, the government's motion to dismiss is denied, in part, and the Debtor's summary judgment motion is denied, in part.

### BACKGROUND

The following facts are not in dispute. On January 28, 1994, (the "Petition Date"), the Debtor filed a voluntary chapter 11 petition for reorganization. The Debtor's petition and schedules attached thereto lists personal property aggregating approximately $1.4 million, of which $1,250,500 is claimed as exempt pursuant to section 522(b)(2) of the Bankruptcy Code. No objection was filed to contest these exemptions. The Debtor's non-

exempt property, aggregating approximately $189,710 consists of the following:

(1) $12,710 in various security deposits;

(2) $ 7,500 worth of shares in an unincorporated business venture;

(3) $12,500 worth of shares in a corporation;

(4) interest of partnerships or joint ventures valued at $125,000; and

(5) accounts receivables worth $32,000.

The Debtor claimed the following assets, totalling approximately $1,250,500, as exempt:

(1) various rollovers in Individual Retirement Accounts in the aggregate amount of $1,225,000;

(2) $10,000 in cash;

(3) $ 3,000 in several checking accounts;

(4) miscellaneous household goods and furnishings located at the Debtor's residence valued at $1,500;

(5) miscellaneous office furniture valued at $10,000; and

(6) miscellaneous wearing apparel located at the Debtor's residence valued at $1,000.

In response to the Debtor's filing of his chapter 11 petition, the I.R.S. filed a proof of claim in the total amount of $8,021,906.81, as amended. A portion of that claim, or approximately $4,982,187.76, is claimed as secured since a notice of federal tax lien was duly filed. It is undisputed that such lien was filed within 90 days of the petition date.

The Debtor seeks, in this adversary complaint, to avoid said lien pursuant to §§ 547(b) and 545(2) of the Bankruptcy Code and § 6323 of the Internal Revenue Code. The I.R.S. filed a motion to dismiss and the Debtor cross-moved for summary judgment.

## DISCUSSION

### I. *Summary Judgment and Motion to Dismiss*

Pursuant to Fed.R. of Civ.P. 12(b)(6), made applicable to this adversary proceeding by Bankruptcy Rule 7012(b)(6), a party may move to dismiss a claim for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss, the court may not consider any material other than the pleadings. *Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972).

The Court must presume all factual allegations in the claim to be true and make all reasonable inferences in favor of the non-moving party. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Barr v. Dramatists Guild, Inc.,* 573 F.Supp. 555, 559 (S.D.N.Y. 1983). The moving party has the burden of proving that no claim is stated. *Johnsrud v. Carter,* 620 F.2d 29, 33 (3rd Cir.1980). The court should deny a motion under Rule 12(b)(6) unless it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 41–45, 78 S.Ct. 99, 99–102, 2 L.Ed.2d 80 (1957); *Easton v. Sundram,* 947 F.2d 1011, 1014–15 (2d Cir.1991), *cert. denied,* ⸻ U.S. ⸻, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992); *In re Vinci,* 108 B.R. 439, 441 (Bankr.S.D.N.Y.1989).

Fed.R.Civ.P. 56(c), made applicable to this adversary proceeding through Bankruptcy Rule 7012(b), provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In deciding a motion for summary judgment, courts must first determine if there are any factual issues to be tried, while at the same time, resolving ambiguities and drawing all reasonable inferences against the moving party. *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir. 1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). The burden rests on the moving party to clearly establish the absence of a genuine issue as to any material fact. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

### II. *Sections 547(c) and 545(2) of the Bankruptcy Code*

Section 547(b) of the Bankruptcy Code allows a "trustee" to avoid certain preferential

transfers.[1] Although no trustee has been appointed in this chapter 11 case, the Bankruptcy Code specifically provides that the debtor-in-possession, with certain limitations, may step into the shoes of a trustee. 11 U.S.C. § 1107. Section 1107 of the Bankruptcy Code provides that:

> (a) [s]ubject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights ... and powers ... of a trustee serving in a case under this chapter.

11 U.S.C. § 1107. Thus, it is clear that a chapter 11 debtor, such as is the Debtor, may avoid certain preferential transfers.

The I.R.S. contends that the Debtor may not avoid its lien as a preferential transfer because section 547(c) prohibits such avoidance. Section 547(c) states in relevant part that:

> [t]he trustee may not avoid under this section a transfer— ... (6) that is the fixing of a statutory lien that is not avoidable under section 545 of this title; ....

11 U.S.C. § 547(c)(6).

It is, of course, the government's position that the Debtor is unable to avoid its lien pursuant to section 545 of the Bankruptcy Code. Section 545 in turn provides, in relevant part, that:

> [t]he trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—
>
> (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of a case, whether or not such a purchaser exists.

11 U.S.C. § 545(2).

It is undisputed that a federal tax lien falls with the ambit of a statutory lien in section 545(2). *See, In re Sierer*, 139 B.R. 752 (N.D.Fla.1991). *See also*, 11 U.S.C. § 101(53); S.Rep. No. 95–989, 95th Cong., 2d Sess. 27, *Reprinted in* 1978 *U.S.Code Cong. & Admin. News* 5787, 5813.

### III. *Section 6323(b) of the Internal Revenue Code*

A federal tax lien is generally enforceable against a subsequent purchaser when a notice of such lien has been duly filed in accordance with section 6323(f) of the Internal Revenue Code. 26 U.S.C. § 6323(a). However, section 6323(b) of the Internal Revenue Code provides for an exception to this general rule. Section 6323(b) grants protection to certain groups of persons in their dealings with the taxpayer even after the notice of tax lien has been filed. *In re Robinson*, 166 B.R. 812, 813–14 (Bankr.D.Vt.1994) (citations omitted). Thus, with this "superpriority" status, a trustee may, pursuant to § 545(2), step into the shoes of a "hypothetical bona fide purchaser" and invalidate tax liens to the extent that the liens encumber the kinds of property listed in 26 U.S.C. § 6323. *See U.S. v. Sierer (In re Sierer)*, 139 B.R. 752 (N.D.Fla.1991); *In re Znider*, 150 B.R. 239 (Bankr.C.D.Cal.1993).

Section 6323(b) of the Internal Revenue Code, in part, exempts purchasers of securities, motor vehicles, personal property purchased at retail, personal property purchased in casual sale, among other items. Therefore, this Court finds that the Debtor may, pursuant to § 545(2) of the Bankruptcy Code and § 6323(b) of the Internal Revenue Code,

---

1. Section 547 states, in relevant part:
   (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
   (A) on or within 90 days before the date of the filing of the petition; ...
   (5) that enables such creditor to receive more than such creditor would receive if—
   (A) the case were a case under chapter 7 of this title;
   (B) the transfer had not been made; and
   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

avoid the I.R.S. Lien as to certain categories of property.

It is the Debtor's contention that pursuant to this section of the Internal Revenue Code, he is able to avoid the lien of the I.R.S. as to the Debtor's money market accounts, stock, interest in IRA, ERISA, Keough or other pension/profit sharing plans, automobiles and household goods. However, the I.R.S. contends that if section 6323(b) of the Internal Revenue Code were to apply, the Debtor, at best, may avoid its lien only as to the securities. Before this Court addresses the issue of which of the Debtor's assets falls within the avoiding powers of section 6323(b) of the Internal Revenue Code, this Court will first address the government's specific argument that the Debtor is barred from avoiding the I.R.S. Lien for properties claimed as exempt.

### A. Exempt v. Non–Exempt Property

The I.R.S. cites section 522(c)(2) for the proposition that the Debtor may not avoid tax liens as to any exempt property claimed by the Debtor. Section 522(c) provides that:

> [u]nless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, ... before the commencement of the case, except— ...
>
> > (2) a debt secured by a lien that is—
> >
> > (A) (i) not avoided under subsection (f) or (g) of this section or under 544, 545, 547, 548, 549, or 724(a) of this title; and
> >
> > (ii) not void under section 506(d) of this title; **or**
> >
> > (B) **a tax lien, notice of which is duly filed;** .... (emphasis added)

11 U.S.C. § 522(c).

The Debtor asserts that the status of property claimed as exempt is irrelevant and urges this Court not to consider the applicability of section 522(c)(2) until after the conclusion of this adversary proceeding. The

Debtor cites *Fitch v. Jones & Lamson Machine Co., Inc.*, 113 B.R. 124, 127 (Bankr. D.Conn.1990), for the proposition that if the tax lien were avoided pursuant to section 545, then the "lien loses all viability and is rendered a nullity." This Court declines to ignore the applicability of section 522(c)(2) at this juncture because it bears directly upon the Debtor's ability to avoid the I.R.S. Lien.

This Court's survey of case law reveals a dearth of cases which pertain to the interplay between sections 522(c)(2) and 545(2) of the Bankruptcy Code, as applied to a chapter 11 debtor. The case relied upon by the Debtor, *In re Sierer*, 139 B.R. 752 (N.D.Fla.1991), only addressed the first prong of the issue at hand; *i.e.*, it held that a chapter 11 debtor may avoid tax liens pursuant to section 545 of the Bankruptcy Code through the application of section 6323(b) of the Internal Revenue Code. The Court in *Sierer* did not address the interplay between sections 522(c)(2)(B) and 545(2) of the Bankruptcy Code.[2]

Other courts have addressed the standing of a chapter 13 or chapter 7 debtor and the interplay between the avoidance of a tax lien and section 522(c)(2)(B) of the Bankruptcy Code.[3] Most courts have held that a chapter 13 or chapter 7 debtor lacks standing to avoid tax liens pursuant to section 545 of the Bankruptcy Code and that section 522(c)(2)(B) clearly prevents the avoidance of tax liens for exempt property. Although this Court has concluded that a chapter 11 debtor has standing to avoid tax liens pursuant to sections 547 and 545 of the Bankruptcy Code, this Court clearly agrees with the position that a debtor's limited standing to avoid statutory liens under section 545(2) must be reconciled with the protection afforded perfected tax liens under section 522(c)(2)(B). *See In re Robinson*, 166 B.R. 812 (Bankr.D.Vt. 1994); *In re Perry*, 90 B.R. 565 (Bankr. S.D.Fla.1988).

The language of section 522(c)(2)(B) is unambiguous. It is undeniable that "section

---

**2.** *See also, In re Znider*, 150 B.R. 239 (Bankr. C.D.Ca.1993) (holding the same as the court in *In re Sierer*.

**3.** *See, e.g., In re Henderson*, 133 B.R. 813 (Bankr. W.D.TX.1991); *In re Perry*, 90 B.R. 565 (Bankr. S.D.Fla.1988); *In re Mattis*, 93 B.R. 68 (Bankr.

E.D.Pa.1988); *In re Robinson*, 166 B.R. 812 (Bankr.D.Vt.1994); and *In re Driscoll*, 57 B.R. 322 (Bankr.W.D.Wis.1986); *In re Frengel*, 115 B.R. 569 (Bankr.N.D.Ohio 1989); *In re Swafford*, 160 B.R. 246 (Bankr.N.D.Ga.1993).

522(c)(2)(B) bestows added protection on perfected tax liens and provides that exempt property remains liable for a tax lien, notice of which has been properly filed." *In re Robinson,* 166 B.R. at 816; *In re Henderson,* 133 B.R. at 817. To allow a Debtor to use the limited avoidance power conferred by § 6323(b) of the Internal Revenue Code and § 545(2) of the Bankruptcy Code to avoid a perfected tax lien for exempt property would completely nullify the added protection provided by § 522(c)(2)(B).

Moreover, to allow the Debtor to avoid the tax liens in this instant case will not further the policies of the Bankruptcy Code. The underlying purpose of section 547 of the Bankruptcy Code is to promote equality of treatment among creditors by giving the trustee the power to avoid a preferential transfer made shortly before bankruptcy which gives one creditor unfair advantage over others. *See* Weintraub & Resnick, Bankruptcy Law Manual, 3d. Ed.1992 at ¶ 7.05.

While the Debtor attempts to use his avoidance power afforded him by section 1107 of the Bankruptcy Code, the Debtor has already admitted that he is exercising his section 1107 powers primarily for the benefit of himself, and not his estate.[4] The Debtor has already exercised his right to claim $1,249,500 worth of assets as exempt pursuant to Section 522(b)(2) of the Bankruptcy Code, thereby taking these assets away from his estate. To allow the Debtor to use his avoidance power to avoid a tax lien specifically not avoidable under section 522(c)(2)(B) will not comport with the purpose of the trustee's avoidance power pursuant to section 547 of the Bankruptcy Code—which is to garnish assets for the benefit of the *estate. See* 11 U.S.C. §§ 550 and 551. Section 550 provides, in relevant part that "to the extent that a transfer is avoided under section ... 545, 547 ... the trustee may recover, *for the benefit of the estate,* the property transferred, ... (emphasis added)." Section 551 states that:

[a]ny transfer avoided under section ... 545 ... 549 ... of this title, ... or any lien voided is preserved for the *benefit of the estate* but only with respect to property of the estate (emphasis added).

11 U.S.C. § 551.

■ Other courts have reached the same conclusion that while the "superpriority" position of a purchaser under 26 U.S.C. § 6323(b) might be consistent with the trustee's power in bankruptcy to avoid the I.R.S.'s liens for the benefit of creditors, it does not follow that Congress intended to confer this "superpriority" status upon a bankruptcy debtor to enable him to avoid tax liens on exempt property for the sole benefit of himself. *See, e.g., In re Perry,* 90 B.R. 565 (Bankr.S.D.Fla.1988); *In re Mattis,* 93 B.R. 68 (Bankr.E.D.Pa.1988).[5]

Therefore, the Debtor's motion for summary judgment is hereby denied insofar as he seeks to avoid the I.R.S. Lien on the property claimed as exempt; conversely, the government's motion to dismiss is granted as to the Debtor's exempt assets.

**B.** *The Definition of "Securities" Pursuant to Section 6323(b)*

■ As to the remaining non-exempt properties, the I.R.S. contends that none of the Debtor's assets, with the exception of the Debtor's stock, falls within the protected categories specified in section 6323(b). A "security" is defined in section 6323(h)(4) as:

any bond, debenture, note, or certificate or other evidence of indebtedness, issued by a corporation or a government or political subdivision thereof, with interest coupons or in registered form, share of stock, voting trust certificate, or any certificate of interest or participation in, certificate of deposit or receipt for, temporary or interim certificate for, or warrant or right to subscribe to or purchase, any of the foregoing; negotiable instrument; or money.

26 U.S.C. § 6323(h)(4).

This definition pertains to "freely tradable securities," negotiable instruments and mon-

---

4. This Court is skeptical of the Debtor's ability to formulate a plan with an estate which amounts to only $177,212 in non-exempt assets.

5. The Court also notes that, besides tax liens, the Debtor only has one other unsecured creditor. The Debtor lists Chemical Bank as an unsecured creditor; the amount of claim is listed as $170,-000.

ey. *See Christison v. U.S.*, 960 F.2d 613, 615–16 (7th Cir.1992); *Malkin v. U.S. Dep't of Treasury*, 645 F.Supp. 229, 230–31 (S.D.N.Y.1986). The *Malkin* Court explained that the reason for the distinguishing securities from other property is to recognize that securities, such as stocks and bonds, should be freely and easily marketable. *Id.* at 230–31. The market for such instruments would be significantly impaired and the transaction cost would be significantly raised if a buyer in the stock or bond exchanges would have to worry about liens. On the other hand, transactions involving other types of property usually involves face-to-face negotiations, with higher transactional costs. Thus, it is more reasonable to make buyers responsible for investigating the presence of tax liens. *Id.* In light of the above, this Court finds that the Debtor's stock clearly falls with the definition of "securities" pursuant to section 6323(b)(1) of the Internal Revenue Code.

As to the remaining non-exempt assets, this Court can find no explicit exemption in section 6323(b) for "security deposits," "interest in partnerships and joint ventures" and "account receivables." The Debtor claims that these assets fall within the definition of "security," or more specifically, the definition of "money" under section 6323(h)(4).

The definition of "money" is generally held to have a restrictive meaning. *See Christison*, 960 F.2d at 625 (quoting *Worley v. U.S.*, 340 F.2d 500, 502 (9th Cir.1965) for proposition that " 'money' does not include the right to receive money but is the 'kind that one could bite, feel or pinch.' "); *U.S. v. First Nat'l Bank of Memphis*, 458 F.2d 560, 563 (6th Cir.1972) ("To define 'money' as to 'money or any evidence of a right to receive money' would open the door 'beyond any reasonable width that Congress could have had in mind.' "). This Court finds the rationale of these cases persuasive and agrees with "money" should indeed have a restrictive meaning.

Accordingly, this Court finds that accounts receivable is not "money" within the meaning of section 6323(h)(4) as it is merely a right to receive money. *See Christison*, 960 F.2d at 616; *Debmar v. U.S.*, 21 B.R. 858, 862 (S.D.Fla.1982). This Court also finds that security deposits, interests in partnerships and joint ventures do not fall within the definition of "money" because these assets are not the kind that one could bite, feel or pinch. Thus, as to the aforementioned assets, the Debtor may not avoid the I.R.S. Lien pursuant to section 6323(b).

For the foregoing reasons, the Debtor's summary judgment motion is partially granted only insofar as he seeks to avoid the I.R.S. Lien on his non-exempt stock.[6] Conversely, the government's motion to dismiss is partially denied only insofar as the Debtor seeks to avoid the I.R.S. Lien on his non-exempt stock.

THE ASSISTANT UNITED STATES ATTORNEY IS TO SETTLE AN ORDER ON FIVE DAYS NOTICE.

---

**6.** This Court having decided that the Debtor has sufficiently plead a cause of action for avoidance of the I.R.S. Lien pursuant to § 545(2) of the Bankruptcy Code, hereby grants the Debtor's motion for summary judgment as to avoidance of the lien on his stock pursuant to § 547(b). There is no dispute as to the material elements required to avoid a preferential transfer pursuant to § 547(b).