. **In re Wilson AIKENS,**

v.

**CITY OF PHILADELPHIA.**

**Civ. A. No. 89–1547.**

United States District Court,
. E.D. Pennsylvania.

May 30, 1989.

Alan White, Community Legal Services, for Wilson Aikens.

Cynthia White, Chief Asst. City Sol., for the City.

Edward Sparkman, Philadelphia, Pa., standing Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

### I. INTRODUCTION

Presently before this court is an appeal from the United States Bankruptcy Court for the Eastern District of Pennsylvania holding that the appellant, the City of Philadelphia, failed to properly index and therefore properly perfect water and sewer liens as required by state law. 94 B.R. 869. The Bankruptcy Court determined the liens were avoidable by the debtor, Wilson Aikens, under 11 U.S.C. § 545(2). The City argued the Bankruptcy Court erred in this determination. For the foregoing reasons, we find the appellants contentions are without merit and therefore affirm the decision of the Bankruptcy Court.

### II. FACTS

On January 27, 1987, Wilson Aikens (hereinafter "the debtor") filed a Chapter 13 petition in Bankruptcy. On July 27, 1987 the City of Philadelphia (hereinafter "the City") filed proof of claim for water/sewer charges in the amount of $1,401.07. This claim was divided into a secured claim of $1046.69 and an unsecured claim of $354.38.

The debtor has made three attempts to avoid the liens imposed by the City. In his first action, *In re Aikens*, 83 B.R. 344 (Bankr.E.D.Pa.1988), (Aikens I), the Bankruptcy Court rejected the debtor's objection to the secured status of the City's claim, holding that a judgment debtor himself cannot directly attack the validity of liens against him on the basis of irregularities in their docketing and indexing. On this basis, the debtor was unable to avoid the lien. In his second challenge, the debtor sought to invoke 11 U.S.C. § 522(f)(1) to attack the City's lien as a "judicial lien". The court concluded that the lien was "statutory" rather than "judicial" and therefore not avoidable as such under § 522. *In re Aikens*, 87 B.R. 350. (Bankr.E.D.Pa.1988), (Aikens II). The debtor's third challenge, which was successful in the Bankruptcy Court and is the subject of this appeal, attacked the validity of the liens under § 545(2).

The City maintains a record of municipal water/sewer claims in volumes located in the Prothonotary's Office. Although the City maintains a judgment index, as of the date of the filing of the Bankruptcy petition, this index did not include any entries under the debtor's name reflecting liens held by the City for water/sewer charges. The claim was instead recorded in bound indices labelled "Locality Index" and "Municipal and Mechanics Lien Index". These indices, together with computer terminals, constitute the index to the City's water/sewer liens. Hence, there was no one single index providing a listing of these liens, rather one searching for a lien must utilize both computer terminals and indices to discover all water/sewer liens on a certain property.

After finding the debtor had sufficient standing to invoke § 545(2),[1] the Court next

---

**1.** Although § 545 refers only to the avoidance powers of the trustee, the debtor may utilize these powers so long a he satisfied the criteria of §§ 522(g) and (h), which provide as follows:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542,

543, 550, 551, or 553 of this title, to the extent that the debtor could have excepted such property under subsection (b) of this section if such property had not been transferred, if -

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

determined whether the lien could successfully be avoided under the Bankruptcy Code. Because the City failed to enter the lien in a "Judgment Index" as required by state law, the Bankruptcy Court determined the lien was not perfected as against one acquiring the rights of a bona fide purchaser at the time of the commencement of the case. The court entered judgment in favor of the debtor declaring the City's purported water/sewer liens against the debtor's property avoidable.

The City appeals the Bankruptcy Court's finding asserting that: (a) its water/sewer liens were perfected against a bona fide purchase; (b) under state law, the debtor is precluded from asserting bona fide status because of constructive notice; (c) even if the liens were not perfected, they are subject to § 546(b), which limits the trustee's avoidance powers under § 545; and finally (d) should the lien be avoidable, the City qualifies as a good faith transferee pursuant to § 550(d) and is therefore entitled to a lien for the cost of improving the property.

## III. STANDARD OF REVIEW

In reviewing a bankruptcy court decision, the district court shall not set aside findings of fact unless they are clearly erroneous. However, the District Court has the power of plenary review of the Bankruptcy Judges conclusions of law. Bankr.Rule 8013, *In re Abbotts Dairies*, 788 F.2d 143, 147 (3d Cir.1986). The case before us was submitted to the Bankruptcy Court on stipulated facts.

## IV. DISCUSSION

(A) Were the Liens Perfected Against a Bona Fide Purchaser?

■ The first issue we shall address is whether the City's water/sewer liens

against the debtor's property was properly perfected. If the lien was not perfected, the debtor may avoid this lien by utilizing the trustee's power found in § 545(2). The City asserts that its water/sewer liens are validly perfected because its water revenue department has complied with every requirement imposed by the act including the presentation of its liens to the Prothonotary, despite the fact that the lien was not indexed in precise accordance with state law. We disagree.

§ 545(2) allows a bankruptcy trustee to avoid unperfected or invalid liens by asserting the rights of a hypothetical bona fide purchaser. The applicable state law concerning the steps legally required to give rise to a secured interest is Pa.Stat.Ann. tit. 53 § 7106(b) (Purdon 1973) which provides:

> (b) With the exception of those claims which have been assigned, any municipal claim, including interest, penalty and costs, imposed by a city of the first class, shall be a lien only against the said property after the lien has been docketed by the prothonotary. The docketing of the lien shall be given the effect of a judgment against the said property only with respect to which the claim is filed as a lien. The prothonotary shall enter the claim in the judgment index.

The language is explicit in requiring that the City must first docket a water/sewer claim, and second, have it recorded in the judgment index before it is to be considered perfected. State law is clear in mandating that these claims be entered in the judgment index and this, the Bankruptcy Court determined, the City did not do.

In *Ransom v. Marrazzo*, 848 F.2d 398 (3d Cir.1988), the Court of Appeals for the

---

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if -

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a)

of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

Since the lien was involuntary and was avoidable by a trustee under § 545, the debtor may stand in the trustee's shoes and avoid the lien himself. See *Deel Rent-a-Car v. Levine*, 721 F.2d 750 (11th Cir.1983)

Third Circuit determined that the Prothonotary's failure to enter the liens in the judgment index, as required by § 7106(b), rendered the lien avoidable. The court then examined the consequences of the Prothonotary's failure to properly index the liens applying Pa.Stat.Ann. tit. 53 § 7432. It ultimately found that the failure had no effect but only because none of the plaintiff's in *Ransom* were found to be bona fide purchasers. *Id.* at 405–07.

The City has argued that the *Ransom* decision does not squarely address the question of perfection. They assert that the decision does no more than uphold the validity of the City's shut-off remedy with respect to water customers. However, the court necessarily had to resolve the question of lien perfection before it could apply § 7432.

It is clear that municipal liens are not perfected until properly recorded in the judgment index as required by § 7106(b). This court is not free to ignore statutory requirements concerning recording. Cf. *In re Ryan*, 851 F.2d 502 (1st Cir.1988). As the City has not utilized the judgment index in its recording process as required by state law, we agree with the judgment of the Bankruptcy Court that the lien is vulnerable to attack by the debtor, standing in the shoes of the trustee under § 545(2).

**(B) Is the Debtor Barred from Asserting Bona Fide Status Because of Constructive Notice?**

■ The City has also argued that despite the fact that the lien was improperly indexed, the Debtor is nevertheless precluded from asserting bona fide status because of constructive notice. The City maintains that while it failed to list the liens in the judgment index as required by state law, merely its action of filing the liens with the Prothonotary was sufficient notice by the City to any subsequent purchaser which would preclude the trustee from utilizing the avoidance provisions of the bankruptcy code. We disagree and hold that where state law has explicitly described the procedure by which a lien can be perfected, no act other than strict compliance with the recording statute will shield the City from attack by the trustee.

It has been recognized that notice, other than constructive notice by record, may affect the trustee's avoidance powers. In *McCannon v. Marston*, 679 F.2d 13, 16 (3rd Cir.1982), the Court of Appeals found that a trustee was not allowed to avoid an unrecorded property interest since a third party was in clear and open possession of the property. Possession itself gave notice to the world and thereby served to defeat the rights of a bona fide purchaser. Obviously, in the case *sub judice* there has been no possession of the kind spoken of in *McCannon*. The City would have us read *McCannon* as expanding constructive notice beyond that provided by either strict compliance with state recording law or of clear and open possession to embrace any situation that may be sufficient to impose constructive notice on a subsequent purchaser and bar a trustee's avoidance powers. However, the doctrine of constructive notice is harsh and should be resorted to reluctantly. *Amoco Production Co. v. U.S.*, 619 F.2d 1383 (10th Cir.1980). We hold that, without strict compliance with the indexing requirement of § 7106(b), the trustee, from the vantage of a bona fide purchaser, could not have received constructive notice of the incumbrance imposed on the property by the City.

The Pennsylvania Supreme Court on numerous occasions has held that municipal claims, derived from statutes and in derogation of the common law, must be strictly construed. See *Philadelphia v. Cooper*, 212 Pa. 306, 308, 61 A.926 (1905). The City has cited no Pennsylvania authority for its contention that constructive notice includes notice of *anything* which may be found in the public record. For this court to find that a bona fide purchaser has constructive notice of liens which were filed in the wrong place would be to render the provisions of § 7106(b) a nullity.

The legislative history of the 1963 enactment of § 7106(b) makes clear it was designed to rid the City of the burdensome scire facias procedure and allow perfection by docketing and indexing water/sewer

liens in the judgment index. The City need only to have complied with the simplified method provided by the legislature. Anything short of strict compliance with § 7106(b) will be insufficient to provide constructive notice. Since the City has failed to comply with the state recording law, there has been no notice which would preclude the debtor from utilizing § 545 and avoid the fixing of the City's lien.

**(C) Is the Lien Valid Under 11 U.S.C. § 546(b)?**

We shall next examine the City's argument that despite the fact the lien was not perfected as of the date of filing, it is nevertheless valid under § 546(b).[2] This section provides an exception to the avoidance power described in § 545 in allowing a creditor to perfect a lien, post-petition, if state law permits a subsequent perfection which would relate back to the filing of the bankruptcy action. We reject the City's attempt to invoke § 546.

The stipulation of facts indicates that at some point after March 18, 1988, the Prothonotary posted a sign outside of the office containing the judgment index advising the public that the water/sewer *in rem* judgment index was located in a nearby room. The City argues that their action constitutes a post-petition perfection. However, as discussed above, the state lien law explicitly requires the entry of liens in the "judgment index". As the bankruptcy court stated, while the sign perhaps facilitates a search for water/sewer liens, it does not serve to re-record the lien where it was supposed to be recorded *ab initio*. The City's failure to assert a factual basis for invoking § 546 obviates the need to discuss whether state law permits post-petition perfection, since the City has never properly perfected the lien. Its attempt to resurrect the lien under § 546 is therefore rejected.

**(D) Does the City Qualify as a Good Faith Transferee Pursuant to 11 U.S.C. § 550(d)?**

■ Finally, the City has argued that, should the lien be avoidable, it nevertheless qualifies as a good faith transferee pursuant to § 550(d) and therefore is entitled to a lien for the cost of "improving" the property. § 550 provides that where a transfer has been avoided, the trustee may recover the property or its value from the transferee, however, the latter may retain a lien for the cost of any improvements made to the property after the avoided transfer. We find the City's reliance on § 550 to be wholly without merit.

§ 550 is designed to compensate a good faith transferee's "windfall additions" to the debtor's property. 4 *Collier on Bankruptcy* ¶ 550.04, at 550. In this case there has been no § 550 "transfer" at all. As was said by the Bankruptcy Court, the avoidance of the liens was a result of the City's own failure to assure that they were indexed properly. The City may not now rely on § 550 to revive its defective lien. To hold otherwise would be to render invalid the avoidance provisions of the Bankruptcy Code by allowing all avoided liens to be reestablished merely on the basis of consideration being given for the original imposition of the lien. Thus, § 550 is inapplicable in this case.

## V. CONCLUSIONS

We agree with the Bankruptcy Court that the City has failed to perfect its water/sewer lien against the debtor's property as required by state law. The City's defenses that their actions constituted sufficient notice, and their attempts to invoke §§ 546 and 550 have proved unavailing. The decision of the Bankruptcy Court that the lien against the debtor's property is avoidable pursuant to § 545(2) is affirmed.

---

**2.** § 546(b) states:

(b) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.

## ORDER

The Opinion of the United States Bankruptcy Court for the Eastern District of Pennsylvania is AFFIRMED.

IT IS SO ORDERED.