**In re Cynthia F. GOEBEL, Debtor.**

**Cynthia F. GOEBEL, Plaintiff,**

**v.**

**UNITED STATES of America,
Defendant.**

Bankruptcy No. 91–15914–8P7.
Adv. No. 92–0266.

United States Bankruptcy Court,
M.D. Florida,
at Tampa.

Feb. 16, 1993.

B. Gray Gibbs, Tampa, FL, for plaintiff.

Susan Roard Waldron, Washington, DC, Robert W. Genzman, U.S. Atty., Tampa, FL, for defendant.

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding commenced in the above captioned Chapter 7 liquidation case. The matter under consideration is the validity of a federal tax lien imposed upon certain real property owned by Cynthia F. Goebel (Plaintiff–Debtor). The basis of the Debtor's claim is that a Notice of Federal Tax Lien was improperly filed by the Government under her previ-ous name and that the lien therefore cannot attach to the Debtor's property. The Complaint filed by the Debtor requested that the Court determine the dischargeability of federal income tax liabilities for 1982 through 1985 and determine the validity of a federal income tax lien. The parties having stipulated that the underlying tax liabilities are dischargeable, the only remaining issue is the validity and extent of the federal tax lien.

The record is without dispute and reveals the following facts. On April 27, 1987, Cynthia F. Goebel divorced her first husband, Charles N. Waters. On March 22, 1991, the Internal Revenue Service (IRS) filed a Notice of Federal Tax Lien on property owned by Cynthia F. Goebel and her second husband, Thomas Goebel. Specifically, the lien was filed against real property located at 3177 Harvest Moon Court in Palm Harbor, Florida. However, the lien itself was directed to Charles N. Waters and Cynthia F. Waters.

In December of 1991, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. Her discharge was subsequently granted in March of 1992. This adversary proceeding commenced with the Plaintiff's Complaint to Determine Dischargeability of Debt and to Determine Value and Extent of a Lien on April 9, 1992. The parties stipulated on September 14, 1992 to the dischargeability of the debts based upon the tax liabilities for the years 1982 through 1985. This stipulation left the validity of the federal tax lien as the only remaining issue for the Court.

On September 24, 1992, the Plaintiff filed a Motion for Summary Judgment, seeking avoidance of the statutory tax lien under 11 U.S.C. § 545(2). The basis for the Plaintiff's claim is that the Notice of Federal Tax Lien was invalid and could not attach to the property as a matter of law because it was directed to the Plaintiff under her former name, Cynthia F. Waters, and not under her current married name of Cynthia F. Goebel. If it did not attach as the Debtor claims, she would seek to avoid it as an imperfect statutory lien under 11

**594**

U.S.C. § 545 because it was not enforceable against a bona fide purchaser at the time of the commencement of the case.

In response, the Government filed its own motion for summary judgment, claiming that the Debtor does not have standing to avoid the tax lien under 11 U.S.C. § 545. Section 545 of the Bankruptcy Code provides as follows:

> The *trustee* may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—
>
>     \*    \*    \*    \*    \*    \*
>
> (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property, whether or not such a purchaser exists;

(emphasis added). Under the specific language of this section, only the trustee has standing to avoid a statutory lien, such as the tax lien in the instant situation. Note that, in certain situations the Bankruptcy Code grants a Chapter 7 debtor avoidance powers otherwise limited to the trustee. For example, 11 U.S.C. § 522(h) confers standing upon a debtor to invoke the trustee's § 545 powers to the extent that the debtor could exempt the property involved. *In re Mattis*, 93 B.R. 68 (Bankr.E.D.Pa. 1988). However, in the instant situation, the property was not claimed and not allowed as exempt. Accordingly, the Court finds that the Debtor lacks standing to file her motion to avoid the statutory tax lien under 11 U.S.C. § 545. In light of the foregoing, it is unnecessary to rule on the validity of the federal tax lien.

ORDERED, ADJUDGED AND DECREED that a separate Final Judgment shall be entered in favor of the Government and against the Debtor in accordance with the foregoing.