In re Joseph Gerard WETHINGTON, Debtor.

Joseph Gerard WETHINGTON, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 96–34812.
Adversary No. 97–3011.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Nov. 6, 1997.

---

Kenneth E. Keate, Keate Law Office, P.A., St. Paul, MN, for Joseph Gerard Wethington, Plaintiff.

Lawrence A. Casper, U.S. Dept. of Justice, Washington, DC, for United States of America, I.R.S., Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GREGORY F. KISHEL, Bankruptcy Judge.

This adversary proceeding came on before the Court on November 4, 1997, for hearing on the Defendant's motion for summary judgment. The Defendant appeared by Lawrence A. Casper, Trial Attorney, Tax Division, United States Department of Justice. The Plaintiff appeared by his attorney, Kenneth E. Keate. Upon the moving documents, the "Application to Extend Time to File Response" filed by counsel for the Plaintiff, and the arguments of counsel, the Court recited Findings of Fact and Conclusions of Law on the record in disposition of the motion, pursuant to FED. R. CIV. P. 52(a) and FED. R. BANKR. P. 7052. Upon those Findings of Fact and Conclusions of Law, and on the authority of *In re Ceresota Mill LP*, 211 B.R. 315 (8th Cir. BAP 1997) and *In re Janssen*, 213 B.R. 558 (8th Cir. BAP 1997),

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Plaintiff's request for an extension of the deadline for the service and filing of a response to the Defendant's motion for summary judgment is denied, for failure to demonstrate "excusable neglect" within the contemplation of FED. R. BANKR. P. 9006(b)(1).

2. The Defendant's motion for summary judgment is granted.

3. The Plaintiff, as a debtor in a case under Chapter 13 before this Court, lacks standing to exercise the lien avoidance remedies of 11 U.S.C. § 545(2) as against the Defendant.

4. In any event, the lien avoidance remedy of 11 U.S.C. § 545(2) does not lie in conjunction with 26 U.S.C. § 6323 so as to allow the Plaintiff to avoid the lien that attached to any and all of the Plaintiff's assets as a result of the Defendant's filing of a notice of lien pursuant to 26 U.S.C. § 6323(a).

5. Even if lien avoidance under 11 U.S.C. § 545(2) lay in favor of the Plaintiff,

its application would be limited to divesting the Defendant's lien against assets he describes as "Deluxe Corporation stock" and "cash on hand."

6. Though the Defendant's filed liens pursuant to 26 U.S.C. § 6323(a) did not attach to the assets of the entity the Plaintiff describes as "the Wethington Partnership" as such, they did attach to his interest as a partner in that partnership.

7. The Plaintiff not having filed an administrative request for discharge pursuant to 26 U.S.C. § 6325(b) as to any of his assets, the Defendant had no obligation to release that property from its filed liens pursuant to 26 U.S.C. § 6325(b)(3) or to discharge the property pursuant to 26 U.S.C. § 6325(b)(2)(B). As a result, the Plaintiff is not entitled to an adjudication that certain of his assets were exempt from lien or levy based upon their fair market valuation, or that he holds those assets free and clear of lien or levy in favor of the Defendant as a result of any such exemption.

LET JUDGMENT BE ENTERED IN ACCORDANCE WITH TERMS 3 THROUGH 7 OF THIS ORDER.