**In re James F. and Maureen MULLIGAN, Debtors.**

**James F. Mulligan, Plaintiff,**

**v.**

**United States of America, Internal Revenue Service, Defendant.**

Bankruptcy No. 98–11536–MWV.
Adversary No. 98–01128–MWV.

United States Bankruptcy Court,
D. New Hampshire.

May 14, 1999.

ruptcy estate by loaning funds to the Trustee    for the application fee.

Geraldine Karonis, Assistant U.S. Trustee, Manchester, NH, for UST J. Christopher Marshall.

John V. Cardone, U.S. Department of Justice, Washington, DC, for defendant United States of America (IRS).

Grenville Clark, Gray, Wendell & Clark, PC, Manchester, NH, for plaintiff James Mulligan.

Staff Attorney, InterpleaderRS—Office of District Court, Boston, MA, Staff Attorney Office of U.S. Attorney, Concord, NH, Staff Attorney, U.S. Department of Justice—Tax Division, Washington, DC, for defendant United States of America (IRS).

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it both the United States of America, Internal Revenue Service's ("Defendant") motion and James F. Mulligan's ("Plaintiff" or "Debtor") cross-motion for summary judgment. In its motion, the Defendant alleges that its lien on

the Debtor's real and personal property for unpaid taxes may not be avoided or stripped down to a judicially determined value. The Plaintiff objects, and cross-moves alleging that the Court should: (1) release the Defendant's lien on his condominium because it has no equity; (2) avoid the Defendant's lien on his interest in personal property under 26 U.S.C. § 6323(b) and (c); and (3) declare the value of each article of personal property to which the Defendant's lien attaches so that the Plaintiff may redeem his property by paying the amount of the lien on each item.

On May 5, 1999, the Court heard the parties' motion and cross-motion for summary judgment and took both under submission. For the following reasons, the Court grants the Defendant's motion for summary judgment and denies the Plaintiff's cross-motion for summary judgment.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### FACTS

There are no material facts in dispute. The Plaintiff filed a joint Chapter 7 bankruptcy petition with his wife on April 20, 1998. On Schedule A of their petition, the Debtors listed the value of their condominium as $75,000. Schedule B lists total personal assets of $36,025.92, $16,153.69 of which is owned either jointly or by the Plaintiff alone; however, the [Plaintiff's][1] Memorandum on Cross Motions for Summary Judgment states that the value of the Plaintiff's personal property has diminished to $6,652.19.[2] ([Pl.'s] Mem. at 2,

---

1. The memorandum was submitted by the Plaintiff, although it is entitled "Defendant's Memorandum."

2. The Plaintiff's complaint states that Schedule D of his petition lists the Internal Revenue Service as "a secured creditor holding IRS tax liens in his non-exempt real and personal

¶ 2.) On Schedule C, the Debtors claimed their homestead exemption and certain other exemptions under N.H.Rev.Stat. Ann. § 511:2 and 26 U.S.C. § 6334(a)(1) and (a)(3) for office furniture, a computer, checking accounts, clothes, household goods, cars, jewelry and other personal items. Schedule D lists a total of $85,-567.30 in first and second mortgages on the Debtors' condominium, and Internal Revenue Service liens for unpaid 1991, 1993 and 1994 taxes on the Plaintiff's real and personal property totaling $15,342.04.[3]

The Defendant filed a proof of claim on June 25, 1998, which set forth a $22,062.72 secured claim, a $5,081.22 unsecured priority claim and a $170.04 unsecured general claim.[4] (Proof of Claim # 13; Mem. of Law and Exs. in Supp. of United States' Mot. for Summ.J. ["Def.'s Mem."], Ex. 2.) The Debtors did not object to the Defendant's proof of claim. On June 26, 1996, the Defendant filed a Notice of Federal Lien with the Town Clerk for the Town of Chester and the Rockingham County Register of Deeds for the unpaid 1991, 1993 and 1994 taxes, which noticed a secured claim of $15,342.04 on the Plaintiff's property. (Def.'s Mem., Ex. 3.) The Debtors received their discharge on August 12, 1998.

### DISCUSSION

#### I. Rule of Law for Summary Judgment Motions.

Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, a summary judgment motion should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Genuine," in the context of Rule 56(c), "means that the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party." *Rodriguez–Pinto v. Tirado–Delgado*, 982 F.2d 34, 38 (1st Cir. 1993) (*quoting United States v. One Parcel of Real Property*, 960 F.2d 200, 204 (1st Cir.1992)). "Material," in the context of Rule 56(c), means that the fact has "the potential to affect the outcome of the suit under applicable law." *Nereida–Gonzalez v. Tirado–Delgado*, 990 F.2d 701, 703 (1st Cir.1993). Courts faced with a motion for summary judgment should read the record "in the light most flattering to the nonmovant and indulg[e] all reasonable inferences in that party's favor." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

#### II. The Secured Status of Defendant Internal Revenue Service's Claim.

■ Section 6321 states that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C.A. § 6321 (1982 & Supp.1998); *see also United States v. National Bank of Commerce*, 472 U.S. 713, 719–20, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985) ("The statutory language 'all property and rights to property,' appearing in § 6321 ... is broad and reveals on its face that Congress meant to reach every interest in property that a

---

property having a value of $5,639.15." (Pl.'s Compl. at 2, ¶ 6.)

**3.** The Debtors' Schedule D lists and describes the Internal Revenue Service's lien as secured only by James F. Mulligan's "all non-exempt real and personal property[,]" which is a legal conclusion. (Pet.Sch.D.)

**4.** Paragraph 7 of the Plaintiff's complaint states that "[a]s indicated by the IRS's proof of claim filed in the Mulligans' bankruptcy case, the total amount of the IRS's secured claim is $22,062.72, of which $3,421.45 comprises penalties avoidable pursuant to § 724(a) of the Bankruptcy Code." Regardless of the Plaintiff's position, the proof of claim is allowed since the Debtors did not object to it.

taxpayer might have.... Stronger language could hardly have been selected ....") (internal citations omitted). When the Plaintiff failed to pay his 1991, 1993 and 1994 taxes, the Defendant obtained a statutory lien under section 6321 on all the Plaintiff's property. § 6321. Further, the Defendant obtained a perfected security interest upon all of the Plaintiff's property on June 26, 1996, when it filed its Notice of Federal Tax Lien with the Chester Town Clerk and the Rockingham County Register of Deeds. Under section 6322, the Defendant's lien remains in effect until it "is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C.A. § 6322 (1982 & Supp.1998).

Although the Plaintiff's underlying tax debt may have been discharged, "the liability for the amount assessed remains legally enforceable even where the underlying tax debt is discharged in the bankruptcy proceeding." *Isom v. United States (In re Isom)*, 901 F.2d 744, 745 (9th Cir.1990) (*citing Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886)). *See also Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor in personam—while leaving intact another—namely, an action against the debtor in rem."); *Dillard v. United States (In re Dillard)*, 118 B.R. 89, 92 (Bankr.N.D.Ill.1990) (stating that section 6325(a) does "not violate the fresh start policy because Congress intended for valid tax liens to survive bankruptcy") (internal citations and quotations omitted).

The Plaintiff has not disputed that the lien was properly recorded and, at hearing, could not dispute that the Defendant's secured status persists on his real property, although his personal liability with respect to the lien has been discharged.

In his cross-motion for summary judgment, however, the Plaintiff asserts that the Court should order the Defendant to release its lien under 26 U.S.C. § 6325 since there is no equity in his condominium. Section 6325(a)(1) states:

> (a) **Release of lien.**—Subject to such regulations as the Secretary may prescribe, the Secretary shall issue a certificate of release of any lien imposed with respect to any internal revenue tax not later than 30 days after the day on which—
>
> > (1) **Liability satisfied or unenforceable.**—The Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable ...

26 U.S.C.A. § 6325(a)(1) (1982 & Supp. 1998). As stated above, however, it is irrelevant that there is no equity in the property. The lien survives and continues to be secured by the Plaintiff's real property. At any rate, under section 6325, the tax lien is not released until the certificate of release is issued by the Secretary, *see United States v. Waite, Inc.*, 480 F.Supp. 1235 (D.C.Pa.1979), but whether a certificate of discharge should be issued is discretionary, 26 U.S.C. § 6325(b) ("Subject to such regulations as the Secretary may prescribe, the Secretary may issue a certificate of discharge...."). No release has been issued by the Secretary relative to this matter. Thus, the Defendant's lien remains secured by the Plaintiff's pre-petition real property, and may not be avoided, even though the Plaintiff's personal liability has been discharged. *Isom*, 901 F.2d at 745 ("We hold that 26 U.S.C. § 6325(a)(1) does not require the I.R.S. to release valid tax liens when the underlying tax debt is discharged in bankruptcy."); 11 U.S.C.A. § 524(a)(2).

III. *Whether the Plaintiff Has Standing to Avoid the Defendant's Lien.*

■ The complaint in this adversary proceeding alleges essentially two causes of action: (1) under section 724(a),[5] which

---

**5.** Section 724(a) of the Bankruptcy Code also

states that "the *trustee* may avoid a lien that

implicates 726(a)(4), upon which neither the Plaintiff nor the Defendant have focused their motions, memoranda and arguments at hearing;[6] and (2) under section 6323(b) of the Internal Revenue Code in conjunction with sections 545(2) and 522(h) of the Bankruptcy Code. (Pl.'s Compl. 2–4.) At hearing, counsel for the Defendant asserted, as a threshold issue, that the Plaintiff does not have standing to avoid its liens under section 545(2) of the Bankruptcy Code. Counsel for the Plaintiff countered that some case law supports a debtor's power to avoid liens under section 545(2), and, additionally, that the Plaintiff may avoid the lien against his personal property to the extent section 522(h) grants debtors certain avoidance powers.

Section 545 states, in pertinent part:

The *trustee* may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

. . . .

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case; whether or not such a purchaser exists . . . .

11 U.S.C.A. § 545(2) (1986) (emphasis added).

A divergence of opinion has formed around this issue, with the result that a majority of courts have found that debtors have no standing under section 545(2) to avoid liens. *See Aikens v. Philadelphia, Water Revenue Bureau (In re Aikens),* 94 B.R. 869, 872 (Bankr.E.D.Pa.) ("While § 545(2) vests avoidance powers solely in the trustee, . . . the Debtor is empowered to stand in the shoes of the trustee if he satisfies the criteria of 11 U.S.C. §§ 522(h), 522(g)(1), and (g)(2) . . . .") (in-

ternal citations omitted), *aff'd,* 100 B.R. 729 (E.D.Pa.), *aff'd, McLean v. Philadelphia, Water Revenue Bureau,* 891 F.2d 474 (3d Cir.1989); *see also Cardillo v. Andover Bank (In re Cardillo),* 169 B.R. 8 (Bankr.D.N.H.1994) (except to enhance the debtor's exemptions under section 522, the chapter 5 avoiding powers of a trustee are not available to a chapter 13 debtor). *Compare Stangel v. United States (In re Stangel),* 222 B.R. 289 (Bankr.N.D.Tex. 1998) (without the joinder of the trustee under section 545(2), a debtor has no standing to avoid liens); *Wethington v. United States (In re Wethington),* 219 B.R. 529, 530 (Bankr.D.Minn.1997) ("The Plaintiff, as a debtor in a case under Chapter 13 before this Court, lacks standing to exercise the lien avoidance remedies of 11 U.S.C. § 545(2) as against the Defendant."); *O'Neil v. United States (In re O'Neil),* 177 B.R. 809, 812 (Bankr.S.D.N.Y. 1995) ("Most courts have held that a chapter 13 or chapter 7 debtor lacks standing to avoid tax liens pursuant to section 545 of the Bankruptcy Code . . . ."); *In re Robinson,* 166 B.R. 812, 812 (Bankr.D.Vt.1994) ("We deny Debtors' motion and hold that a Chapter 7 debtor does not have standing to bring an action to avoid such liens under § 545(2) by way of §§ 522(f) or (h)."); *Goebel v. United States (In re Goebel),* 153 B.R. 593, 594 (Bankr.M.D.Fla.1993) ("Under the specific language of this section [545(2)], only the trustee has standing to avoid a statutory lien . . . ."); *Matter of Coan,* 72 B.R. 483, 485 (Bankr.N.D.Fla. 1987) ("It is without dispute that Chapter 13 debtors are empowered and have the ability to exercise the Trustee's lien avoidance powers under Chapter 5."), *vacated, In re Coan,* 134 B.R. 670 (Bankr.M.D.Fla. 1991); *In re Henderson,* 133 B.R. 813, 817 (Bankr.W.D.Tex.1991) ("Nowhere in the Code, including Chapter 5, is the debtor

---

secures a claim . . . ." 11 U.S.C.A. § 724(a) (1988). Section 726(a) governs the order of distribution of claims. *See* 11 U.S.C.A. § 726(a) (1988).

**6.** Since neither party has addressed the merits pertaining to sections 724 and 726(a)(4), the Court will refrain from a discussion of these sections. At any rate, the matter may be decided under other sections alleged in the Plaintiff's complaint.

granted standing to avoid tax liens on non-exempt property."); *Perry v. United States (In re Perry)*, 90 B.R. 565, 566 (Bankr.S.D.Fla.1988) ("The debtor's only standing with respect to any of the trustee's avoidance powers is provided by § 522(h). . . ."); *In re Mattis*, 93 B.R. 68 (Bankr.E.D.Pa.1988) (finding that debtor lacked standing under section 545(2) to avoid the Internal Revenue Service's lien). *Cf. Cleary v. United States (In re Cleary)*, 210 B.R. 741, 744 (Bankr.N.D.Ill.1997) ("This section [545(2)] permits a trustee or debtor to take the position of a hypothetical bona fide purchaser and claim the same defenses to the statutory liens on the debtor's property as such a purchaser could claim.") (internal citations omitted).

In an interesting twist on the issue, as counsel for the Plaintiff noted at hearing, one Bankruptcy Court granted the debtors an assumed platform on which to stand and held that they could invoke the power to avoid under 545(2).[7] *Straight v. First Interstate Bank (In re Straight)*, 200 B.R. 923, 929 (Bankr.D.Wyo.1996). However, on appeal, the Bankruptcy Appellate Panel for the Tenth Circuit held that the standing issue was moot because, in the interim, a trustee was joined as a party. *Straight v. First Interstate Bank (In re Straight)*, 207 B.R. 217 (10th Cir. BAP 1997), *appeal dismissed, First Interstate Bank v. Straight (In re Straight)*, No. 97–8037 (10th Cir. Mar. 13, 1998); *see also Internal Revenue Serv. v. Diperna*, 195 B.R. 358, 361 (E.D.N.C.1996) (Responding to the Internal Revenue Service's contention that the debtor did not have standing to avoid its lien, the bankruptcy court stated, after a long discussion regarding section 545(2) of the Bankruptcy Code and 6323(b) of the Internal Revenue Code, that "[a]ssuming without deciding that the debtor has standing, the above analysis applies with equal force to the debtor."); *Carrens v. United States (In re Carrens)*, 198 B.R. 999 (Bankr.M.D.Fla.1996) (Chapter 13 debtors sought to avoid liens under section 545(2); however, the issue of standing was never discussed by the bankruptcy court, which focused instead on whether a trustee is a "purchaser" under section 6323(b) of the Internal Revenue Code).

With all the above case law on this issue in mind, the Court holds that the Plaintiff does not have standing under section 545(2) of the Bankruptcy Code to avoid the Defendant's liens. Therefore, despite the parties' arguments outlined in their memoranda to the contrary, it follows that a discussion comparing a "bona fide purchaser" under section 545(2) of the Bankruptcy Code to a "purchaser" under section 6323(b) of the Internal Revenue Code is superfluous and unnecessary.

Going back to the remaining part of the Plaintiff's argument, however, a number of other courts have held that a debtor has limited power under section 522(h) to avoid liens on non-exempt personal property. *DeMarah v. United States (In re DeMarah)*, 62 F.3d 1248, 1251 (9th Cir.1995) ("The fact that DeMarah may be able to exempt the property [under section 522(h) ] that is subject to the tax lien from the bankruptcy estate does not mean that he can remove the lien itself, or that portion of it which secures the penalty."); *United States v. Hunter (In re Walter)*, 45 F.3d 1023, 1034 (6th Cir.1995) ("Bankruptcy Code § 545(2) makes clear that the trustee may only avoid a statutory lien that a bona fide purchaser could."); *Goebel*, 153 B.R. at 594 ("11 U.S.C. § 522(h) confers standing upon a debtor to invoke the trustee's § 545 powers to the extent that the debtor could exempt the property involved.").

Section 522(h) states that:

The debtor may avoid a transfer of property of the debtor or recover a set-

---

**7.** To more fully explain it, the Bankruptcy Court held that the Chapter 13 debtors had standing to commence avoidance actions under sections 544(a), 545(2) and 547(b), so long as they turned over all money to the trustee for the unsecured creditors. *Straight*, 200 B.R. at 933.

off to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549 of 724(a) of this title or recoverable by the trustee under section 553 of this title: and

(2) the trustee does not attempt to avoid such transfer.

11 U.S.C.A. § 522(h) (1988). Thus, section 522(h) grants a debtor power to avoid if certain conditions are met, the first of which is whether the "debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer...." § 522(h). Since section 522(g)(1) states, in pertinent part, that *"the debtor may exempt under subsection (b) of this section property* that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, *to the extent that the debtor could have exempted such property* [,]" 11 U.S.C. § 522(g)(1) (1988) (emphasis added), the Court must address whether the Plaintiff's personal property could be exempted under section 522(b) at all. *Quillard v. United States (In re Quillard)*, 150 B.R. 291, 295 (Bankr.D.R.I.1993) ("However, the Debtors' avoiding powers with respect to IRS tax liens are limited by 11 U.S.C. § 522(c)(2)(B).") (*citing In re Henderson*, 133 B.R. 813, 817 (Bankr.W.D.Tex.1991)).

■ Section 522(c)(2)(B) states that:

Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case except—

. . . .

(2) a debt secured by a lien that is—

. . . .

(B) a tax lien, notice of which is properly filed....

11 U.S.C.A. § 522(c)(2)(B) (1986). Section 522(c)(2)(B) is clear. The Plaintiff's property, even that claimed as exempt under Schedule C, continues to secure the Defendant's lien. *See generally DeMarah v. United States (In re DeMarah)*, 62 F.3d 1248, 1251 (9th Cir.1995) ("In short, it is pellucid that property exempted from the estate remains subject to tax liens. Congress could hardly have been more direct in declaring that result."); *O'Neil*, 177 B.R. at 812 ("[S]ection 522(c)(2)(B) clearly prevents the avoidance of tax liens for exempt property.... The language of section 522(c)(2)(B) is unambiguous."); *Quillard*, 150 B.R. at 295("[E]ven after discharge has entered, property claimed as exempt under § 522 remains available to satisfy any pre-petition debt secured by a valid tax lien, when notice of the lien has been property filed.... Any other construction would render the plain language of § 522(c)(2)(B) meaningless.") (internal citations omitted).

IV. *Judicial Determination of the Value of the Plaintiff's Personal Property and the Plaintiff's Right of Redemption.*

■ Finally, the Plaintiff requests that the Court declare the value of each article of personal property in which the Defendant's lien subsists so that the Plaintiff can redeem his personal property by paying the amount of the lien on each item. The Plaintiff states that he should be entitled to "tender to the IRS an amount of money corresponding [to] the value of his interest in his personal property and obtain release of the IRS' lien therein." ( [Pl.'s] Mem. at 6, ¶ 1.) However, the Court will not effectively "strip down" the Defendant's lien by judicially determining the value of the Plaintiff's property. First, the Plaintiff did not file an objection to the Defendant's proof of claim. Under section 502, the Defendant's claim as filed is allowed. 11 U.S.C.A. § 502(a) (1986). Second, in *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), the Supreme Court held that a Chapter 7 debtor may

not "strip down" a creditor's lien on real property to a judicially determined value. *See also Swiatek v. Pagliaro (In re Swiatek)*, 231 B.R. 26 (Bankr.D.Del.1999) (holding that a totally undersecured, nonconsensual judgment lien could not be avoided once the lien was allowed); *Douthart v. Security Pacific Fin. Corp. (In re Douthart)*, 123 B.R. 1, 3 (Bankr.D.N.H.1990) (Yacos, J.) ("Indeed, to allow chapter 7 debtors to 'strip down' undersecured liens [on real property] would give them greater rights than debtors have under other chapters of the Code....."). Third, the Plaintiff may not redeem his personal property under section 722 of the Bankruptcy Code because the Plaintiff has no exempt interest in it. 11 U.S.C.A. § 722 (1988) ("An individual debtor may ... redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title....."). The Plaintiff's redemption may only be accomplished by paying the Defendant the amount of the claim secured by the lien, which is the entire amount of the Defendant's personal property.[8]

## V. *Conclusion.*

Thus, for these aforementioned reasons, the Court hereby grants the Defendant's motion for summary judgment and denies the Plaintiff's cross-motion for summary judgment. The Court finds that the Defendant continues to hold its lien on the Plaintiff's real and personal property, and the Court also declines to effectively "strip down" the Defendant's lien by judicially determining the value of the Plaintiff's personal property. This opinion and order constitutes the Court's findings of facts and conclusions of law in accordance with Federal Rule of Procedure 7052.

---

8. This does not mean that the Plaintiff couldn't settle this claim with the Defendant by paying the value of the collateral through an offer to compromise or otherwise.